## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAMEIKAS LANE Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| TNC EXPRESS, INC., and CHRISTIAN EZUMAH | ) ) ) | |
| Defendants. | | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Dameikas Lane (hereinafter "Plaintiff"), and files this lawsuit against Defendants, TNC Express, Inc. and Christian Ezumah (hereinafter "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay the mandated minimum wage to Plaintiff and other

individuals similarly situated in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during the three years before the filing of this Complaint.

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant TNC is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 725 Brogdon Road Suwanee, GA 30024.

5.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

6.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

7.

Defendant may be served through its Georgia registered agent for service, Christian Ezumah, located at 725 Brogdon Road Suwanee, GA 30024.

### III.  Parties

8.

Plaintiff is a resident of the State of Georgia.

9.

Plaintiff was an "employee" of Defendants as defined under 29 U.S.C. §203(e).

10.

Defendant TNC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

Defendant TNC is a private employer engaged in interstate commerce, and its gross revenues exceed $100,000 per year.

12.

Defendant TNC is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. §203(r)(1), §203(s)(1).

13.

Defendant TNC's primary service was shipping goods and organizing the shipment of goods interstate.

14.

Plaintiff shipped goods between states on behalf of Defendants

15.

Defendant TNC Express is an "employer" within the definition of  29 U.S.C. §203(d).

16.

Defendant TNC Express is governed by and subject to 29 U.S.C. §206 and §215.

17.

Defendant TNC employed Plaintiff during the previous three years before the filing of this Complaint.

18.

Defendant Ezumah is Chief Executive Officer, Chief Financial Officer, Secretary, and Agent of TNC Express, Inc.

19.

At times relevant to this action, Defendant Ezumah directly and

indirectly controlled, determined, and directed the day-to-day operations of TNC
Express, Inc.

20.

Defendant Ezumah set Plaintiff Lane and the Collective Class' pay and
schedule.

21.

Defendant Ezumah is an employer as defined by 29 U.S.C. § 203(d).

22.

Defendant Ezumah may be served with summons and a copy of the
Complaint in this action by delivering process to his place of business, 725
Brogdon Road Suwanee, GA 30024.

## IV.  Facts as to Plaintiff Lane

Plaintiff began working for Defendants on or around early March, 2015 until
on or around April 18, 2015.

23.

Plaintiff worked for Defendants as an interstate driver.

24.

Plaintiff's primary duty was driving and delivering goods under the direction

of Defendants.

25.

Plaintiff picked up and delivered loads on behalf of Defendants.

26.

Defendants' have a policy of making deductions from employee drivers' pay checks for items, expenditures, and charges.

27.

The deductions meant that sometimes Defendants paid their employees less than minimum wage for all hours worked in a work week.

28.

Upon information and belief, Defendant's paid Plaintiff approximately $252.08 for his first pay check.

29.

Upon information and belief, Defendant's paid Plaintiff approximately $49 for his second pay check.

30.

As of the date this complaint was filed, Plaintiff has not been paid any wages or other compensation free and clear for the hours he worked for Defendants from April 12, 2015 to April 18, 2015.

31.

Plaintiff worked approximately 40 hours per work week for Defendants.

32.

Plaintiff was paid less than the minimum wage required by 29 U.S.C. §206. for all hours worked in a work week on a number of occassions.

33.

Plaintiff's effective hourly rate in a number of work weeks was less than minimum wage due to deductions Defendants made from Plaintiff's pay.

34.

Defendants did not consult the Department of Labor or any other relevant Federal Government agency as to whether Defendants were allowed to make deductions from Plaintiff's pay that brought his effective hourly rate below the minimum wage in a work week.

35.

Defendants did not consult an attorney, Human Resources specialist, or any other individual with knowledge or experience that might have helped Defendants to know if they were allowed to make deductions from Plaintiff's pay that brought his effective hourly rate below the minimum wage in a work week.

## V. <u>COLLECTIVE ALLEGATIONS</u>

36.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendants as interstate truck drivers during the last three years, and whose primary job duties is to drive loads on behalf of Defendants ("the Collective Class" and "applicable statutory period").

37.

During the applicable statutory period Plaintiff and the Collective Class drove loads from the state of Georgia to other states and vice versa as directed by Defendants.

38.

During the applicable statutory period, Plaintiffs and the Collective Class were routinely paid less than the minimum wage for all hours worked in a work week.

39.

Defendants were aware that Plaintiff and the Collective Class were sometimes not receiving at least minimum wage for all hours worked because

Defendants had access to Plaintiff and the Collective Class' driver logs and pay checks.

40.

Defendants caused Plaintiff and the Collective Class to be paid less than the minimum wage for all hours worked in a work week by making deductions from their paychecks that caused their effective hourly rate to be below the minimum wage for all hours worked in the work week.

41.

Defendants did not consult the Department of Labor or any other relevant Federal Government agency as to whether Defendants were allowed to make deductions from Plaintiff and the Collective Class' pay that brought their effective hourly rate below the minimum wage in a work week.

42.

Defendants did not consult an attorney, Human Resources specialist, or any other individual with knowledge or experience that might have helped Defendants to know if they were allowed to make deductions from Plaintiff and the Collective Class' pay that brought their effective hourly rate below the minimum wage in a work week.

## VI.  Violation of the Minimum Wage Requirement
## of the FLSA

43.

Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint.

44.

The FLSA, 29 U.S.C. § 206 et seq., requires employers to pay employees at least the minimum wage described in 29 U.S.C. § 206(a)(1)(C) for each hour the employee works in a work week.

45.

Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to pay Plaintiff and the Collective Class at least minimum wage for all hours worked in a work week during their employment with Defendants.

46.

Defendants have violated 29 U.S.C. §206, by failing to pay Plaintiff and the Collective Class at least the required minimum wage for all hours worked in a work week during the applicable statutory period.

47.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered a loss of income and other damages. Plaintiff and the Collective class are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

48.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff and the Collective Class at least minimum wage for each hour Plaintiff and the Collective Class worked in a work week.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff demands a TRIAL BY JURY and respectfully requests that this Court grant Plaintiff the following relief:

(A)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages for the difference between his effective hourly rate and the applicable minimum wage rate in work weeks where Plaintiff's effective hourly rate was below the applicable minimum wage;

(B)     Liquidated damages in an additional amount equal to the difference between Plaintiff's effective hourly rate and the minimum wage in

work weeks where his effective hourly rate was less than the

minimum wage;

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been

violated;

(D)     Leave to add additional plaintiffs or opt-ins by motion, the filing of

written consent forms, or any other method approved by the Court;

(E)     Grant conditional certification and provide notice of this action to all

similarly situated individuals as soon as possible;

(F)     Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

and;

(G)     Any and all such further relief that this Court or the finder of fact

deems equitable and just.

Respectfully submitted, this 28th day of January, 2016.

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Dameikas Lane

**The Law Office of Benjamin B. Kandy**
534 Medlock Road Suite 109
Decatur, GA 30030
Ph: (678) 824-2251
F: (678) 401-0398
ben@bkandylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DAMEIKAS LANE Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| TNC EXPRESS, INC., and CHRISTIAN EZUMAH | ) ) ) | |
| Defendants. | | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 28th day of January, 2016

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Ga. Bar No. 765357
Attorney for Dameikas Lane

The Law Office of Benjamin B. Kandy LLC
534 Medlock Road
Suite 109
Decatur, Georgia 30030
P:  (678) 824-2251
F:  (678) 401-0398
ben@bkandylaw.com