IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAMEIKAS LANE Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:16-cv-00264-SCJ |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| TNC EXPRESS, INC., and CHRISTIAN EZUMAH | ) ) ) | |
| Defendants. | | |

**MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANT EZUMAH PURSUANT TO F.R.C.P. 41(a)(2) AND NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) AS TO DEFENDANT TNC EXPRESS, INC.**

Plaintiff, Dameikas Lane moves, pursuant to the Federal Rule of Civil Procedure 41(a)(2), for leave to dismiss his complaint and terminate this action as to Defendant Christian Ezumah. Through discussion with Defendant Ezumah's attorney Plaintiff has discovered Defendant Ezumah may not have the requisite ownership or command and control over the day to day operations of the Defendant corporation TNC Express Inc. to be held liable as an "employer" under 29 U.S.C. §201 *et seq*. contrary to the information and documents of which

1

Plaintiff was aware when commencing and during the Action.

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Dameikas Lane by and through his counsel, hereby gives notice that the above-captioned action is voluntarily dismissed, without prejudice against the Defendant TNC Express, INC.

A memorandum in support of the Motion is attached.

Respectfully Submitted April 28th, 2017

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Dameikas Lane

**The Law Office of Benjamin B. Kandy**
534 Medlock Road Suite 109
Decatur, GA 30030
Ph: (678) 824-2251
F: (678) 401-0398
ben@bkandylaw.com

## MEMORANDUM IN SUPPORT

**I.   Introduction**

This case was filed in 1/29/2016[1]. Plaintiff sent Defendants a Waiver of Service Packet on February 1, 2016[2]. When the Waiver of Service was not returned Plaintiff hired professional process servers to serve both Defendants. Defendant TNC Express was served via via the Georgia Secretary of State's Corporations Division as allowed for under OCGA § 9-11-4(e)(1) and FRCP 4(e)(1)[3]. Defendant Ezumah was served in person March 20, 2016[4]. When neither Defendant provided an answer within the time allotted Plaintiff submitted a Motion for Clerks' Entry of Default on June 23, 2016[5]. Entry of Default was granted June 24, 2016. Defendant Ezumah then filed a pro se Motion to Dismiss[6] which was denied on September 27, 2016[7]. On October 14, 2016 counsel for Defendant Ezumah filed an Answer to the initial Complaint[8]. Defendant TNC Express has of the date of this filing not submitted an Answer or otherwise responded to the Complaint.

Counsel for Plaintiff Lane and Defendant Ezumah engaged in discussions

---

1   Dkt. No. 1.
2   Dkt. No. 5 Exhibit 1, Exhibit 2.
3   Dkt 5 Exhibit 3.
4   Dkt. 5 Exhibit 4.
5   Dkt. 5.
6   Dkt. 6.
7   Dkt. 9.
8   Dkt. 10.

and informal exchanges of information, primarily in regards to Defendant Ezumah's role in the operations and ownership of Defendant TNC Express, Inc. at the time Plaintiff Lane performed the work at issue. However, the parties did not engage in discovery which would incur costs for either party such as taking depositions or producing documents pursuant to formal requests for production of documents.

**II.     Plaintiff may dismiss the action against Defendant TNC Express, Inc. voluntarily without prejudice pursuant to F.R.C.P. 41(a)(1)(A)(i)**

F.R.C.P. 41(a)(1)(A)(i) allows a Plaintiff to dismiss an action voluntary before an opposing party has serves either an answer or a motion for summary judgment. This form of voluntary dismissal does not require a court order. In this Action Defendant TNC Express, Inc. has not filed an answer or motion for summary judgment. Therefore, pursuant to F.R.C.P. 41(a)(1)(A)(i), Plaintiff's Voluntary Notice of Dismissal Without Prejudice as to Defendant TNC Express, Inc. is proper and timely.

**III.    Courts are discouraged from denying a plaintiff's motion for voluntary dismissal with prejudice**

Courts generally grant Motions for Voluntary Dismissal with Prejudice based

upon well-established policy and because it has been ruled that it may constitute an abuse of discretion not to grant such a request. Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

It is within a court's discretion to allow a plaintiff to dismiss its claims. See *Villa Glas G.m.b.H. v. Everstone Pty. Ltd.*, 2007 U.S. Dist. LEXIS 52913, *2 (M.D. Fla. July 23, 2007); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). However, although "the district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)[,]" *Danielson v. DBM, Inc.*, 2007 U.S. Dist. LEXIS 31467 (N.D. Ga. Apr. 30, 2007) (quoting *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)); see also *Jadael Inc. v. Elliott*, 2006 U.S. Dist. LEXIS 88978, *2 (M.D. Fla. Dec. 6, 2006), voluntary dismissals are favored in this Circuit regardless of whether they are with or without prejudice. See *Owner-Operator Indep. Drivers Ass'n v. 4 Points Logistics, LLC*, 2007 U.S. Dist.LEXIS 50865, *10 (M.D. Fla. July 12, 2007) (citing *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502-03

(11th Cir. 1991)). In fact, so compelling is a plaintiff's motion to voluntarily dismiss its claims that one court has explained, "It is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2D 848, 852 (W.D. Mich.2007) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)); see also *Lum v. Mercedes Benz*, USA, L.L.C., 246 F.R.D. 544, 545 (N.D. Ohio 2007). Generally, """in most cases, a voluntary dismissal should be granted unless the [opposing party] will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."""" Id. (quoting *Potenberg*, 252 F.3d at 1255 (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986) (emphasis and alteration in original). See also *4 Points Logistics*, 2007 U.S. Dist. LEXIS 50865 at *10; *Tuyet Tran Gonzalez v. P&G*, 2008 U.S. Dist. LEXIS 16872, *7 (S.D. Cal. Mar. 4, 2008) ("A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will 'suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts.'") (quoting *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989)).

**IV.   Defendant Ezumah will not be prejudiced by granting of this motion**

The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with

court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (citing *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). "In evaluating whether such prejudice exists, the Court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissals as are deemed appropriate.'" *4 Points Logistics,* 2007 U.S. Dist. LEXIS 50865 at *10 (quoting *Pontenberg*, 252 F.3d at 1255-56). Prejudice refers to some type of legal prejudice, not simply practical prejudice. *Versa Prods.*, 387 F.3d at 1328. Legal prejudice has been interpreted to mean "'prejudice to some legal interest, some legal claim, some legal argument.'" *Tuyet Tran Gonzalez*, 2008 U.S. Dist. LEXIS 16872 at *7 (quoting *Westlands Water Dist. v. United States* 100 F.3d 94, 9 (9th Cir. 1996)). Therefore, unless the defendant will suffer clear legal prejudice, a voluntary dismissal should be granted. *Pontenberg*, 252 F.3d at 1255**;** *McCants*, 781 F.2d at 856-57; *Leather & Luggage v. Eiffel Design*, 1998 U.S. Dist. LEXIS 17930, *3 (N.D. Ga. June 4, 1998). In evaluating if clear legal prejudice exists, the "crucial question to be determined is, "[w]ould the defendant lose any substantial right by the dismissal?" *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007).

Defendant Ezumah will not be prejudiced because there is no threat of Plaintiff Lane re-litigating these claims against him since these claims will be dismissed with prejudice. In finding that a plaintiff's voluntary dismissal with prejudice does not result in legal prejudice to the defendant, the court ruled that "the fact that the Plaintiffs seek dismissal with prejudice removes any concern that the Plaintiffs may at some later date attempt to re-litigate these claims..." *4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865 at *14. Hence, because dismissal with prejudice ensures Defendant Ezumah will not have to re-litigate Plaintiff Lane's claims, "the interests of justice" do not support a finding that Defendant Ezumah would be prejudiced by the dismissal of Plaintiff Lane's claims with prejudice.

**V.  Conclusion**

WHEREFORE, Plaintiff Lane respectfully request this Court take notice of Plaintiff Lane's voluntary dismissal without prejudice as to Defendant TNC Express, Inc. pursuant to F.R.C.P. 41(a)(1)(A)(i) and also enter an Order dismissing with prejudice his claims as set forth in the Complain in the above-titled case as to Defendant Christian Ezumah pursuant to F.R.C.P. 41(a)(2). If this Court is inclined to condition the dismissal with any other terms, Plaintiff Lane further requests the

opportunity to review these conditions before the Court imposes these conditions upon entry of its Order and all other relief this Court deems just and proper[9].

Respectfully Submitted April 28th, 2017

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Dameikas Lane

**The Law Office of Benjamin B. Kandy**
534 Medlock Road Suite 109
Decatur, GA 30030
Ph: (678) 824-2251
F: (678) 401-0398
ben@bkandylaw.com

---

9   See *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 320 (5th Cir. 2002); *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir.. 1998) (if the plaintiff moves for dismissal without prejudice, the court may not dismiss with prejudice without offering the plaintiff an opportunity to withdraw the motion); *Horton v. Trans World Airlines Corp*.,169 F.R.D. 18  (E.D.N.Y.  1996*)* ("The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous.").

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAMEIKAS LANE Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:16-cv-00264-SCJ |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| TNC EXPRESS, INC., and CHRISTIAN EZUMAH | ) ) ) | |
| Defendants. | | |

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I HEREBY CERTIFY that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa. This is also to certify that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 28th day of April, 2017. I also certify that the foregoing was served on all counsel or parties of record listed below either via transmission of Notices of Electronic Filing generated by CM/ECF or via First Class mail for parties who are not authorized to receive electronic Notices of Filing.

Submitted this 28th day of April, 2017.

/s/Benjamin B. Kandy

Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Dameikas Lane

**The Law Office of Benjamin B. Kandy**
534 Medlock Road Suite 109
Decatur, GA 30030
Ph: (678) 824-2251
F: (678) 401-0398
ben@bkandylaw.com


William Downs
William W. Downs, Esq.
DOWNS LAW, LLC
317 W. Hill St., Suite 204C
Decatur, GA 30030
will@downslawllc.com
Attorney for Christian Ezumah

TNC Express, Inc.
P.O. Box 163
Suwanee, GA 30024